IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT ALEXANDER, # 06204-021,

       Petitioner,　　　　　　　　　CIVIL NO. 14-cv-382-DRH

vs.

UNITED STATES PAROLE COMMISSION
and WARDEN, UNITED STATES PENITENTIARY-MARION,

       Respondents.

# MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This matter is before the Court for consideration of two pending motions. Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 21, 2014, in the United States District Court for the District of Columbia (Doc. 1). The petition was accompanied by an application

for leave to proceed without prepayment of the $5.00 habeas filing fee (Doc. 2). On February 21, 2014, the action was transferred to the Southern District of Illinois, where petitioner was incarcerated at the time the petition was filed (Doc. 4).

On March 31, 2014, petitioner filed a Motion to Withdraw 28 U.S.C. 2241 Without Prejudice (Doc. 7). The Court construes this motion as one seeking voluntary dismissal of the action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Voluntary withdrawal of his claim is petitioner's right. Accordingly, the motion (Doc. 7) is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

**Filing Fee**

The dismissal of this action does not relieve petitioner of the obligation to pay the $5.00 filing fee. *See* 28 U.S.C. § 1915(a); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998) (A prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed in forma pauperis (IFP).). Petitioner has requested leave to proceed IFP, and has tendered a copy of his prisoner trust fund account statement (Doc. 3). His affidavit states that he receives $50.00-100.00 per month on occasion (Doc. 2, p. 2). Further, his trust fund account statement discloses that over the six months prior to the filing date of the petition, his average daily balance was

$50.09, and his "National 6 Months Deposits" were $546.53 (Doc. 3, p. 2). Based on this information, petitioner has sufficient financial resources to pay the $5.00 filing fee. Accordingly, his motion for leave to proceed IFP (Doc. 2) is **DENIED**.

Petitioner is **ORDERED** to pay the $5.00 filing fee in this case not later than thirty (30) days from the date of entry of this Order. Payment of the $5.00 filing fee shall be sent to: United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois, 62201. At the time payment is made, petitioner's name and the case number assigned to this action shall be clearly identified. The Clerk of Court shall send a copy of this Order to petitioner and to the trust fund officer at Marion-USP.

The Court cautions petitioner that if the $5.00 filing fee in this case is not paid, the Court may impose restrictions on further filings by petitioner in this Court until such time as the fee is paid. *See, e.g., Taylor v. Watkins*, Civil No. 10-4-GPM, 2010 WL 3303125, at *1 (S.D. Ill. June 25, 2010) (quoting *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999)) (noting that "[u]npaid docket fees . . . lead straight to an order forbidding further litigation.").

Finally, the Court notes that attached to the petition was a "Motion for Reconsideration of the Court Order Requiring Petitioner to Pay a Filing Fee of $350.00" (Doc. 1, pp. 19-20). This motion appears to refer to a previous civil action petitioner filed in the United States District Court for the District of Columbia. This Court has no jurisdiction to decide such a motion, even if the

instant habeas petition were to remain open.  Thus, petitioner is advised to re-file his motion in the action where the disputed fee was assessed.

**IT IS SO ORDERED**.

**DATED: April 1, 2014**

Digitally signed by
David R. Herndon
Date: 2014.04.01
12:45:56 -05'00'

**Chief Judge**
**United States District Court**